IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CYRIL K. BOTELHO,<br><br>    Plaintiff,<br><br>  vs.<br><br>REBECCA SIEGEL WAGNER,<br>DTRIC INSURANCE COMPANY,<br><br>    Defendants. | CIV. NO. 21-00388 JMS-RT<br><br>AMENDED FINDINGS AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE |

**AMENDED FINDINGS AND RECOMMENDATION
FOR DISMISSAL WITHOUT PREJUDICE**

  Plaintiff Cyril K. Botelho, proceeding pro se, commenced this action by filing his *Complaint* on September 15, 2021. ECF No. 1. On the same date, Plaintiff filed his *Application to Proceed in District Court Without Prepaying Fees or Costs*. ECF No. 2. On September 16, 2021, the Court filed an *Order Denying Plaintiff's Application to Proceed In Forma Pauperis, ECF No. 2* ("Order"). ECF No. 4. The *Order* expressly stated:

> If Plaintiff wishes to proceed with this action, he must remit the $402.00 civil filing fee to the Clerk of Court by **October 1, 2021**. **Failure to do so will result in the automatic dismissal of this action.**

*Id.* at PageID #: 18 (emphasis added).

On September 16, 2021, the Court mailed a copy of the *Order* to Plaintiff. ECF Nos. 4-5. This mailing, however, was returned as undeliverable. ECF No. 5 at PageID #: 19. Notably, Plaintiff has not filed a notice of a change of address with the Court as required by the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR") 83.1(e).

Plaintiff has not yet paid the filing fee even though more than four months have elapsed since the expiration of the October 1, 2021 deadline to pay. Plaintiff also has not served any of the Defendants. In addition, Plaintiff failed to appear at the Telephonic Rule 16 Scheduling Conference ("Scheduling Conference") scheduled for January 20, 2022. ECF No. 7. Plaintiff also failed to file a Scheduling Conference Statement. LR16.2(b). The Court's minutes state, "[a]s Plaintiff has failed to pay the filing fee in this case, has not served the Complaint and has not appeared for today's conference, it appears Plaintiff is not diligently prosecuting this action." ECF No. 7. Even though it was not required to do so, the Court continued the Rule 16 Scheduling Conference to February 22, 2022 to ensure Plaintiff was provided a second opportunity to appear. *Id.*

At the February 22, 2022 Scheduling Conference, the Plaintiff appeared and confirmed he was aware of the *Order* requiring payment of the filing fee by October 1, 2021. ECF No. 8. Plaintiff was thus on notice and had the opportunity to be heard. Plaintiff confirmed he was unable to pay the filing fee. *Id.* Plaintiff

confirmed he has not served any of the Defendants. *Id.* In addition, Plaintiff confirmed he did not appear for the Rule 16 Scheduling Conference set for January 20, 2022. Furthermore, Plaintiff stated he no longer wished to pursue this action in this court and instead may choose to pursue it in state court. To date, aside from Plaintiff's initial filings on September 15, 2021, Plaintiff has done nothing to prosecute this action. Plaintiff has thus not been diligent in prosecuting this case and the Local Rules provide that "the court may impose sanctions, including dismissal of the case after notice and an opportunity to be heard." LR16.1.

Moreover, the courts do not take failures to comply with Court orders or failures to prosecute lightly. The *Federal Rule of Civil Procedure* ("Fed. R. Civ. P.") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." *Id.* Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *Id.*

Here, dismissal is appropriate given Plaintiff's failure to comply with the *Order* to pay the filing fee, failure to serve Defendants, failure to file a scheduling conference statement, failure to appear at the Rule 16 Scheduling Conference and failure to do anything to prosecute this action in the last five months. This coupled with Plaintiff's representation at the February 22, 2022 Scheduling Conference that he no longer wished to purse this action, makes plain that dismissal is warranted.

Within this context and after considering the five dismissal factors set forth in *Pagtalunan,*[1] the Court finds that these factors weigh in favor of dismissal. *Pagtalunan v. Galaza,* 291 F.3d 639, 642-43 (9th Cir. 2002).

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. *Id.* at 643 (quoting *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court determines whether delay in a case interferes with the Court's docket management. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). In this case, the Court finds that Plaintiff's delay and routine noncompliance consumed the court's time and took away time the court could have spent on other cases on the docket.

The lack of availability of less drastic alternatives also supports dismissal not only because Plaintiff has expressed his intention not to prosecute this action, but also because he has failed to comply with the Court's orders and rules.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan,* 291 F.3d at 642.

Plaintiff has abandoned his claims.  Thus, the Court is left with no choice but to dismiss this action.

Moreover, while none of the Defendants have been served or appeared in this action, the Court finds that Defendants will suffer prejudice if this case is permitted to languish without service being made.  Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision based on the merits of this case.  *Pagtalunan,* 291 F.3d at 642.  The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, the public policy factor is outweighed.

Accordingly, this Court **FINDS AND RECOMMENDS** that the district court dismiss this case without prejudice based upon:

1. Plaintiff's failure to pay the $402.00 filing fee by October 1, 2021 as required by the *Order*;

2. Plaintiff's failure to serve the Complaint within 90 days after filing as required by *FRCP* 4(m);

3. Plaintiff's failure to file a scheduling conference statement as required by LR16.2(b);

4. Plaintiff's failure to appear at the Scheduling Conference convened on January 20, 2022;

5. Plaintiff's representation at the February 22, 2022, Scheduling Conference that he no longer wished to pursue this action;  and

6. Plaintiff's failure to diligently prosecute this case by failing to take any action since his initial filings on September 15, 2021 to bring this action to readiness for trial.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 25, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00388 JMS-RT;  *Cyril K. Botelho, vs. Rebecca Siegel Wagner, DTRIC Insurance Company*;  Amended Findings and Recommendation for Dismissal Without Prejudice